HOWARD COUNTY v. STROTHER.

1. **Taxation:** PERSONAL PROPERTY IN HANDS OF RECEIVER. Where the county has acquired no lien for taxes upon personal property which has passed into the hands of a receiver, pending litigation concerning the priority of liens which have already attached sufficient to absorb the property, *held* that the county has no claim on the property, or its proceeds, in the hands of the receiver, for the taxes levied on the property. Chapter 14, Laws of 1876, making taxes a preferred claim in case of assignment for the benefit of the creditors, has no application.

*Appeal from Howard Circuit Court.*

TUESDAY, JUNE 14.

THE plaintiff, Howard county, made a motion for an order that the clerk of the court be directed to pay over certain money in his hands to the treasurer of the county; the motion being made on the theory that the money in question was due the county for taxes. The court overruled the motion, except as to certain taxes upon real estate. The plaintiff appeals.

*Barker Bros.*, for appellant.

*H. T. Reed* and *McCartney & McCook*, for appellees.

ADAMS, CH. J.—The money in question had passed into the hands of the clerk of the court as the result of certain litigation growing out of the insolvency of the defendants Strother & Conklin. At one time they were doing business as partners. They had acquired a considerable amount of personal property, and had become largely indebted. To one person, Enoch Strother, they became indebted in the sum of $24,000, the indebtedness being for money borrowed. To other persons they had become indebted for property purchased. Enoch Strother obtained from them a chattel mortgage. Other creditors acquired liens by attachment upon the same property. Litigation arose between the creditors in respect to their liens. The court

in the mean time appointed one McHugh receiver to take charge of the property. Afterwards he resigned, and one Peck was appointed. The property, under the order of the court, was converted into money, and the most of it has been paid over to creditors who had acquired liens. A small amount was reserved to await the determination of this motion in respect to taxes. What was reserved, as we understand, is awarded as due to Enoch Strother, unless the county has a superior claim for taxes. It seems to be conceded that no one has paid taxes for this property for several years. The taxes claimed are for the years 1877 and 1884, and the years included. During the earlier years, Strother & Conklin were assessed as owners of the property. For the year 1882 the receiver McHugh was assessed, and for the years 1883 and 1884 the receiver Peck, McHugh's successor, was assessed. The attempt is now made to enforce the county's claim for taxes by motion directly against the property, or proceeds thereof, in the hands of the clerk of the court.

A question is raised by the appellees in regard to the method adopted. It is contended that, if the county had a claim which it could enforce against the property, such claim could not be enforced by a motion. We have not thought it necessary to determine this question, because it does not appear to us that the county has a claim, so far as the personal property is concerned, which it can enforce against the property in any way. It had, in respect to such property, a personal claim against Strother & Conklin, but it did not acquire a lien for the claim, and other liens have attached which are sufficient to absorb the property. The assessments made against the receivers do not appear to us to be enforceable against them as receivers, so as to justify sustaining the motion as to the taxes so assessed. The receivers did not own the property. They held the property under the appointment and order of the court, and merely as custodians. The title was still in Strother & Conklin until disposed of under the order of the court, and the proceeds

decreed to the lienholders entitled thereto. The plaintiff relies upon a statute; (Chapter, 14, Laws of 1876;) but that is a provision for taxes in the case of an assignment. There was no assignment in the case at bar, but a contest between lienholders; and McHugh, and afterwards Peck, was appointed to hold the property to await the issue of that contest.

In our opinion, the statute has no application. We think that the court did not err.

AFFIRMED.