CHARLES J. WIENER AND JOSEPH C. FRANCE, Receivers, &c., *vs.* ALFRED G. STURGISS, Receiver, &c.

*Conflicting rights of Receivers.*

Certain petitioners alleged that they were appointed receivers for the corporation known as the Supreme Sitting of the Order of the Iron Hall, by the Circuit Court of Baltimore city, and that the trustees of the Local Branches of the said corporation within the State, were ordered to deliver to the petitioners all funds and securities in their hands belonging to the Supreme Sitting, and the petitioners thereupon demanded certain money in the hands of the defendant. The defendant had been appointed by the Circuit Court of Garrett County receiver of a Local Branch of the Order of the Iron Hall, located at Oakland, and answering the petition, he alleged that the money in his hands belonged to the Local Branch, and to the individual members thereof, and that neither the Supreme Sitting nor the petitioners had any claim upon it. HELD:

That the petitioners were not entitled to have the fund in controversy turned over to them, unless they could show that it belonged to the Supreme Sitting, and not to the members of the Local Branch.

APPEAL from the Circuit Court for Garrett County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, MCSHERRY, BOYD and BRISCOE, J.

*Charles J. Wiener*, and *Joseph C. France*, for the appellants.

*Thomas J. Peddicord*, for the appellee.

BOYD, J., delivered the opinion of the Court.

On the 25th day of August, 1892, John Shartzer and others filed the bill in this case against The Supreme Sitting of the Order of the Iron Hall, Local Branch No. 85 of that order, located at Oakland, and certain officers of the local branch.

The bill alleges that the Supreme Sitting of the Order of the Iron Hall is a non-resident corporation; that Local Branch No. 85 is a subordinate lodge formed under the direction of the Supreme Sitting, in pursuance of the powers conferred by its charter; that the other defendants are officers of the Local Branch, having charge of its money, funds and property, and that the plaintiffs are members of the Local Branch in good standing.

It further alleges that there is in the hands of the Local Branch and the officers about eighteen hundred dollars, derived from the levying of twenty per cent. on each assessment collected from the members of said Local Branch, and retained as a reserve fund; that the affairs of the Supreme Sitting have been grossly mismanaged, the funds of the Order squandered and misappropriated, and the said reserve fund is in danger of being lost to the members of said Branch; that the members of the Local Branch are in equity entitled to have the said sum of eighteen hundred dollars, or whatever sum may be in possession of said Branch, distributed to them.

The bill prays that the reserve fund may be distributed to the members of said Branch; that a receiver may be appointed by the Court, over whom the Supreme Sitting has no control, to administer the said fund under the direction of the Court; that an injunction may be issued against the Local Branch and the defendant officers thereof, prohibiting them from disposing of, paying out, collecting, forwarding or paying over to the Supreme Sitting, or any member thereof, any of the reserve fund, money

or assets of the order in their custody, possession or control, and also restraining and prohibiting the said officers from in any manner interfering with said funds.

The Circuit Court for Garrett County, on the 25th day of August, 1892, ordered an injunction to issue as prayed, appointed Alfred G. Sturgiss receiver, with power to collect all moneys due the Local Branch or the officers thereof, and to take charge of all the money, assets, books, accounts, choses in action and evidences of debt belonging to or in the possession of said Local Branch, or the officers thereof, and hold the same subject to the order of that Court, and ordered the Local Branch and the officers to pay over and deliver to said receiver all the money, assets and property in its or their possession. The said receiver qualified on August 29th, 1892.

The defendants were returned summoned. The Local Branch, and the officers made defendants, filed an answer admitting the matters and facts set forth in the bill, and consenting to the passage of such decree as may be right and proper in the premises.

The Supreme Sitting having failed to appear or answer, an interlocutory decree was passed against it on December 12th, 1892, referring the case to one of the examiners of the Court to take testimony.

On the 20th day of January, 1893, Charles J. Wiener and Joseph C. France filed a petition in the Court below, exhibiting therewith a copy of an order of the Circuit Court of Baltimore City, bearing date August 23d, 1892, appointing them receivers of the Supreme Sitting of the Order of the Iron Hall, and asking leave to file in the cause a petition against Albert·G. Sturgiss, as receiver for Local Branch No. 85, to require him to show cause why he should not turn over to them the funds in his hands as such receiver. Leave was granted them to file their petition, and on the 28th day of January, 1893, it was filed, making the following allegations:

1. That on the 23d day of August, 1892, the petition-ers were appointed receivers for the corporation known as the Supreme Sitting of the Order of the Iron Hall, by the Circuit Court of Baltimore City, and that the trustees of the Local Branches of the said corporation were ordered to deliver and transfer to the petitioners all funds and securities in their hands belonging to the Supreme Sitting, as would appear by a certified copy filed with the peti-tion.

2. Recites the proceedings under which Sturgiss was ap-pointed, his qualification, etc.

3. That they were appointed two days before the pro-ceedings of the Circuit Court in Garrett county, and the Circuit Court of Baltimore City had assumed and taken jurisdiction over the entire personal effects of said cor-poration in the State, before the proceeding in Garrett county; that petitioners qualified and had demanded of Sturgiss the funds and personal effects that had come into his hands as receiver of Local Branch No. 85, which he had refused to turn over, and that their authority had been acquiesced in by all local branches of the Order in the different counties in the State.

4. That they are entitled to have the funds in the hands of Sturgiss turned over to them, as well as the other per-sonal effects of said Local Branch, because the Circuit Court of Baltimore City had assumed control of the af-fairs of the defendant corporation within the State at the time of the appointment of said Sturgiss, and that the order of the Circuit Court for Garrett county was passed prematurely and through inadvertence, and when said Court was without jurisdiction.

The petitioners then pray for an order to be served on Sturgiss requiring him to show cause why he should not turn over all of said funds in his hands. The Court passed the order, which was duly served on Sturgiss, and he filed an answer under oath, in which he admits the

appointment of the petitioners as receivers of the Supreme Sitting, but he denies that they were appointed for Local Branch No. 85, or that the trustees of the Local Branch were ordered by the Circuit Court of Baltimore City to deliver to those receivers the funds, etc., of Local Branch No. 85. He charges that the petitioners were appointed receivers for certain local branches in Baltimore city, specifically named in the proceedings in the case in which they were appointed.

The answer alleges that the money in his hands belonged to the Local Branch and to the individual members thereof, and that neither the Supreme Sitting, nor the petitioners, had any claim upon it. It denies that the Supreme Sitting had taken any steps or done any acts which authorized it under the constitution of the Order to require payment of its funds over to it, and that it had never called upon the officers of the Local Branch to pay over the money.

The claim of the receivers appointed by the Baltimore Court was heard on the petition, exhibits and answer, and the Court below dismissed the petition, directing the receiver appointed by it to retain in his hands the funds now in his possession as receiver, until the further order of the Court. From that order this appeal was taken.

The original parties to the bill were not made parties to the proceeding, and the injunction granted at the instance of the complainants, who claimed that the money belonged to the members of the Local Branch, was still in force. Under the circumstances, the Court below was unquestionably right in declining to direct the receiver appointed for the Local Branch to pay the money over. Under the allegations in their bill, the complainants were certainly entitled to a hearing before the money should be paid over to the receivers in Baltimore. If, as alleged in the answer of Mr. Sturgiss, Messrs. Wiener and France were only appointed receivers of certain local branches

in the city of Baltimore, of course, the fund in controversy could not be paid over to them. No evidence was offered to disprove that allegation, and a Court would not be justified in that condition of affairs to direct a receiver appointed by it to pass the money over to persons not satisfactorily shown to be entitled to it. If Sturgiss' answer had not raised this issue, the complainants were entitled to take testimony to sustain, if they could, the allegations in their bill, wherein they claimed that the funds belonged to the members of the Local Branch, before the Court below would have been justified in putting the funds beyond its control.

If Messrs. Wiener and France are in point of fact receivers of all the funds of the Supreme Sitting in the State of Maryland, they should come into the case and establish the fact to the satisfaction of the Court, that the funds in question belonged to the Supreme Sitting. As the representatives of that body they could obtain leave from the Court below to appear for it and establish, if they can, their right to the money, or at least require the complainants to take further proceedings towards establishing their claim. The Court could then entertain and finally dispose of their application to have the money turned over to them.

We have not deemed it necessary to pass upon the motion to dismiss the appeal.

For the reasons stated we must affirm the order of the Court below, but will remand the cause to enable the receivers appointed by the Circuit Court of Baltimore City to appear for the Supreme Sitting of the Order of the Iron Hall, and contest the right of complainants and others to the fund in the hands of the receiver appointed by the Circuit Court for Garrett County.

> *Order affirmed, with costs to the*
> *appellee, and cause remanded.*