### CITY WATER COMPANY v. THE STATE OF TEXAS.
#### No. 338.

**Receiver Not Necessary Party.**

The city waterworks were in the hands of a receiver appointed by the United States Circuit Court having jurisdiction. The receiver was neither a proper nor necessary party to the action by the State to forfeit its charter, instituted pending the receivership in the State courts ..................... 603

QUESTION CERTIFIED by Court of Civil Appeals for Third District, in an appeal from Travis County.

*O. T. Holt* and *Walton, Hill & Hill,* for appellant.—The court erred in sustaining plaintiff's exceptions to defendant's plea in abatement. The ruling thereon should have been in favor of defendant, because Joseph Spence, receiver of defendant, should have been made party defendant, being a necessary and indispensable party thereto; he as (defendant's) receiver having the charge, control, custody, and management of it in all respects; and because this defendant was in the hands of a receiver appointed by the United States Circuit Court for the Western District of Texas, at Austin, and no litigation destructive of defendant could be had or maintained without the custodian of defendant were a party thereto; and because defendant was in custodia legis—in the hands, custody, control, and protection of said Circuit Court; and no foreign court could in law or otherwise destroy defendant without the leave of said Court; and because said plea in abatement was in all things sufficient to abate the said suit, and should have been sustained as against said plaintiff's exceptions. Porter v. Sabin, 13 Sup. Ct. Rep., 1010; Wiswell v. Sampson, 14 How. (U. S.), 64, 65; Bank v. Bank, 136 U. S., 236; same case, 10 Sup. Ct. Rep., 1013; Bank v. Calhoun, 102 U. S., 262; Heldritter v. Oil Cloth Co., 112 U. S., 303, 304; Ex Parte Tyler, 13 Sup. Ct. Rep., 789, and authorities cited; Fidelity, etc., v. Safety Vault Co., 53 Fed. Rep., 688.

*Fisher & Townes* and *Geo. F. Pendexter,* of counsel for State.

*A. S. Burleson,* District Attorney, for State, cited Commonwealth v. Turnpike Co., 5 Cush., 509; Morawitz on Priv. Corp., sec. 1033; 112 U. S., 609; 114 U. S., 507.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals, Third Supreme Judicial District, has certified to this court the following statement and question:

"This is a suit in the nature of a quo warranto instituted by the State of Texas to forfeit the charter and franchises of the City Water Company, a corporation chartered under the general laws of said State.

"The prayer in the petition or information for the appointment of a receiver was, in open court, waived before the District Court ruled on the plea in abatement.

"The City Water Company, appellant, in due time and form filed a plea in abatement on account of the nonjoinder of Joseph Spence, receiver in custody of appellant's property, as a defendant. Said plea shows, that prior to the filing of the petition or information in this cause, in a suit then pending in the United States Circuit Court for the Western District of Texas, of which said court had jurisdiction, and in which appellant had appeared and answered, the Hon. A. P. McCormick, one of the judges of said court, had appointed Joseph Spence receiver for and of appellant, the City Water Company; that said

Spence promptly qualified as such receiver, took possession of appellant's property, and at the time the plea was filed, was operating the waterworks constructed by appellant, under the authority and orders of said United States Court.

"The State demurred to said plea in abatement; and the trial court ruled that said receiver was not a necessary party to this suit, and sustained said demurrer. Upon the trial on the merits, judgment was rendered for the State, forfeiting appellant's charter and franchises. The case is now in this court on appeal, and the ruling of the District Court on the demurrer to the plea in abatement is assigned as error; and this court certifies the question thus presented to the Supreme Court of Texas for decision.

"Stated in abstract form, the question certified is this: When a suit is instituted by the State to forfeit the charter of a corporation chartered under the laws of this State, and the appointment of a receiver is not asked, is a receiver of a corporation, previously appointed by another court, a necessary party?"

Counsel for the appellant do not claim that the receiver appointed by the Circuit Court of the United States could sell the right of the corporation to exist as such, but make the following proposition as the basis of their claim that the receiver is a necessary party to this action:

"The proposition then is, that the integrity of that property can not be injured, damaged, changed, impaired, or prejudicially affected while in the custody of another court, which is in the active, practical, and actual possession of the property, unless the receiver is made party to the proceeding through which the harm is to be worked. It is useless to discuss the question as to whether the forfeiture of the charter would impair the value of the franchises held in trust by the receiver; that fact is patent, and the truth self-evident.

"The true test whether a receiver is a necessary party to a proceeding against the corporation over which he is receiver is, will the result of the proceeding to any material extent invade the property or property rights in his possession? If yes, then he should have his day in court; otherwise, no."

In order to determine the effect which the forfeiture of the charter of appellant corporation would have upon the property in the possession and under the control of the receiver, it is necessary to ascertain what right the receiver may confer upon the purchaser of such property, in so far as it relates to the right of the corporate existence.

It is a general rule, to which we find no exceptions in the authorities, that in the absence of statutory authority therefor, a corporation can neither sell nor mortgage its corporate existence; that is, its franchise or right to be a corporate body. 1 Jones on Mort., sec. 161; Thomp. on Corp., secs. 5252, 5253, and note 1.

Neither will a judicial sale or sale under execution of the property of a corporation carry with it to the purchaser the right to be a corporate body. Commonwealth v. Turnpike Corporation, 5 Cush., 509;

Railway v. Berry, 112 U. S., 609; Meyers v. Johnston, 53 Ala., 325; 1 Jones on Mort., sec. 161; Eldridge v. Smith, 34 Vt., 484; Rorer on Jud. Sales, sec. 529.

When the property of a corporation is placed in the hands of a receiver the corporation is not dissolved thereby, nor is its existence in any way affected. It may be sued for claims existing against it before the receivership, without the consent of the court appointing the receiver, where there is no statute allowing such suit without consent, and judgment may be rendered against it and enforced against any property which it may have, not embraced in the receivership, or that it may thereafter acquire. Heath v. Railway, 83 Mo., 621; Railway v. Whitaker, 68 Texas, 636.

The franchise or right to be a corporate body is a right vested in the stockholders of the corporation, and not in the corporation itself, and the property or rights of the stockholders are not affected by the receivership, or by any action of the court with reference thereto. Where a corporation is placed in the hands of a receiver and is not dissolved, although it may be insolvent in fact, after the property has been sold to another person such corporation may reacquire the property (which formerly belonged to it) by purchase from the person who bought it from the receiver, and will take it free from claims against the receiver to the same extent that its vendor held it so exempt. Ryan v. Hays, 62 Texas, 42.

In support of the foregoing propositions we might cite a great number of authorities, but since there is no conflict upon these questions, nor any contention by counsel in this case against them, we deem the foregoing authorities sufficient. We lay down these propositions as a basis for the conclusions at which we arrive.

If the receiver can not convey to any person the right to exist as a corporate body by virtue of the charter of appellant, then we can not understand how the forfeiture or destruction of that existence can affect legally the rights of property in the receiver. If the receiver were to sell the property, the corporation still existing, the purchaser would acquire all the property rights that the corporation has, with all such franchises and easements as were necessary for the use of the property. Threadgill v. Pumphrey, 87 Texas, 573. If the corporation be dissolved pending the receivership, the receiver would continue to enjoy the easements of the corporation, and upon sale being made of the property, its franchises necessary to the use of the property, such as the rights to use the streets, granted by the city, would vest in the purchaser. If the charter of appellant corporation be forfeited and the receiver shall sell the property of the corporation, the purchaser would acquire all the rights of every kind that could be conveyed if the corporation were still in existence; therefore we conclude, that as a matter of law the judgment of the court declaring a dissolution of the corporation can have no effect upon the value of the property, nor upon the rights of the receiver, nor can it in any way impair or interfere

with the jurisdiction of the United States Circuit Court. That court can proceed to sell the property by its receiver, apply the proceeds to the payment of the debts of the corporation, and if there be a surplus, distribute it among the stockholders, in accordance with the statutes ·of this State.

We therefore answer the question propounded in this case, that the receiver appointed by the United States Circuit Court for the corporation, defendant in this suit, was neither a proper nor necessary party to an action by the State to forfeit its charter.

Delivered November 21, 1895.