FARMERS AND MERCHANTS NATIONAL BANK OF WACO v. HENRY C. SCOTT ET AL.

Decided March 23, 1898.

1. Execution—Receiver—Custodia Legis.

When property taken possession of by a court through its receiver is by it sold and delivered to the purchaser, it ceases to be in custodia legis, although it was sold charged in the purchaser's hands with payment of certain claims against the property which the court retained jurisdiction to enforce.

2. Same.

Property of defendant in execution is not prohibited from levy and sale as being in custodia legis by being taken into the hands of a receiver as the property of a third party.

3. Evidence.

It was not error to admit evidence showing the judgments and transfers by which defendant claimed title to the property, though they vested no title unless another issue of fact which they did not tend to prove was decided in his favor.

4. Street Railway—Conveyance.

A deed by one street railway conveying its line of road to another, though without legislative sanction unless done for payment of its debts, is not void for failure to show such purpose on its face, but vests prima facie title, subject to be defeated by proof that no circumstances existed authorizing the transfer.

APPEAL from McLennan. Tried below before Hon. SAM. R. SCOTT.

*John W. Davis* and *Alexander & Atkinson,* for appellant.

*Clark & Bolinger,* for appellees.

FISHER, CHIEF JUSTICE.—This is a suit by the Farmers and Merchants National Bank to recover from Henry C. Scott and others a street railway located in Waco, known as the Waco Dummy Street Railway. The appellant alleged that it became the owner, by purchase at execution sale, of the property of one W. J. Hobson; that Hobson, at the time of the sale was the owner of the Waco Dummy Street Railway, and that the appellant, who had previously obtained a judgment against Hobson, had the property levied upon by execution and sold, it becoming the purchaser thereof at the sale.

The appellees, in reply, alleged that the property at the time of the sale was in the possession of the District Court of McLennan County, through its receiver previously appointed by order of that court, and that the sale under execution to the appellant was unauthorized, because the property then was in custodia legis. They further pleaded that the property, previous to the sale to Hobson, had been sold and transferred by deed from the Waco Dummy Street Railway Company to the Waco Electric Railway and Light Company, a private corporation operating a street railway and light plant in the city of Waco, and that Hobson, at the execution sale, purchased in recognition of this right, and, at the time, he really purchased for the benefit of the Waco Electric Railway and

Light Company, and he held the Dummy property in trust for that company. They further allege that previous to the execution sale, and while the property was still in the hands of the receiver, the District Court of McLennan County entered an order requiring all the property of the Waco Electric Railway and Light Company to be sold by the receiver, and alleged that the Waco Dummy Street Railway Company was, at that time, a part of the property of the Waco Electric Railway and Light Company; that the sale was made, and appellee Scott became the purchaser of all the property of the Waco Electric Railway and Light Company, which included the Waco Dummy Street Railway, and that that sale was by order of the court confirmed.

The court below, in effect, instructed the jury to return a verdict against the plaintiff upon the ground that, at the time it purchased the property under execution sale against Hobson, it was in the custody of the court through its receiver, and for that reason the execution sale was unauthorized.

It appears from the facts in the record that the Waco Dummy Street Railway Company, in November, 1891, executed a deed of trust on its property to one Robert H. Rogers, trustee, to secure a debt due from it to the Citizens National Bank. The property was sold under that trust deed, and W. J. Hobson bid it in and deed was executed to him on the 7th day of June, 1892.

The appellant, the Farmers and Merchants National Bank, obtained a judgment in 1894 against J. W. Hobson, and in March, 1895, caused execution to be levied on the Dummy Street Railway property as the property of W. J. Hobson. That property was sold on the 7th of May, 1895, by the sheriff, to the appellant. Again in July, 1895, the appellant caused another execution to be issued and levied on the same property, as the property of W. J. Hobson, and it was sold at sheriff's sale under that writ, in August, 1895, to the appellants. Previous to this, in February, 1894, in a suit by one Early against the Waco Electric Railway and Light Company, wherein he asked for the appointment of a receiver of the property and effects of the Waco Electric Railway and Light Company, the court made an order appointing the receiver, and required him to take possession of the property of the Waco Electric Railway and Light Company. The receiver took possession of the property of the Waco Electric Railway and Light Company, and also took possession of the Dummy Street Railway. The inventory returned by the receiver did not mention the Dummy Street Railway, or attempt to describe it, but it is shown that the receiver did take charge of and operate that property as a part of the system of the Waco Electric Railway and Light Company. During the pendency of this receivership the Metropolitan Trust Company of New York intervened and sought to foreclose a certain mortgage on the property of the Waco Electric Railway and Light Company. There were other interventions filed, which do not as yet appear to have been disposed of.

On the 5th day of April, 1895, the District Court rendered a final

decree by which the property of the Waco Electric Railway and Light Company was ordered to be sold. That decree contained a description of the Waco Dummy Street Railway, as well as the property of the Waco Electric Railway and Light Company. An order of sale was issued upon this decree on April 4, 1895, commanding the commissioner to sell all the property and effects of the Waco Electric Railway and Light Company. On May 7, 1895, a sale was made of all the property, franchises, and privileges of the Waco Electric Railway and Light Company, according to the terms of the order, to the appellee, Henry C. Scott. On the 9th of May, 1895, a decree was entered confirming that sale, and the commissioner directed to execute a deed to the purchaser, Henry C. Scott. On May 11, 1895, the commissioner, in pursuance of this decree of confirmation, executed a deed to Scott, conveying all the property, effects, rights, privileges, and franchises of the Waco Electric Railway and Light Company.

It further appears that, "it was admitted that on the day of confirmation of sale to Henry C. Scott of the Waco Electric Railway and Light Company's property and franchises, above set out, that said Scott went into full and complete possession of the entire railway line and property of the said Waco Electric Railway and Light Company and the Waco Dummy Street Railway Company's line, and has held possession ever since, by himself and those claiming under him, and that the receiver was discharged in November, 1895, and the court has taken no actual control or possession of said property since said sale to said Scott, or entered any further decrees in said cause in which said property was sold. But the final decree of said Nineteenth Judicial District Court, which was in evidence in the record in said cause of Eugene Early v. Waco Electric Railway and Light Company, expressly provided as follows: 'That the purchaser or purchasers of said property at said sale shall, as a part of the consideration of the purchase, in addition to the payments which may be ordered by the court of the sum bid, take the said property upon the express condition that he or they would pay off, satisfy, and discharge any and all claims now pending and undetermined in this court accruing prior to the appointment of a receiver herein, and during the receivership, which may be allowed and adjudged as prior in right and in equity to said first mortgage bonds or to the said claims of the General Electric Company or to the claim of the plaintiff, Eugene Early, and also upon the further express condition that he or they will pay off, satisfy and discharge all debts, claims, and demands of whatsoever character incurred or which may hereafter be incurred by the receiver herein, and said purchaser or purchasers, their successor or successors, assign or assigns, shall have the right to appear in this court as a party to the record and make defense to any claim, debt, or demand sought to be enforced against said property, and either party shall have the right of appeal, according to law in such cases made and provided, and such purchaser or purchasers, their successor or successors, assign or assigns, shall also have the right to enter appearance in this court and contest any claim or de-

mand pending and undetermined at the date of the confirmation of such sale, and as to such claim shall have the right of appeal according to the law in such cases made and provided, and jurisdiction of this case is retained by this court for the purpose of enforcing the provisions of this decree.' "

On this state of facts, the court below held that the property was in custodia legis at the time that the appellant purchased under its execution sale in August, 1895. In a case formerly before this court, wherein the Farmers and Merchants National Bank of Waco was the appellant and the Waco Electric Railway and Light Company was appellee, we reversed and remanded the judgment. That case involved the validity of some of the bonds of the Metropolitan Trust Company, who had intervened in the receivership, in part to satisfy which the court had previously made orders authorizing the property of the Waco Electric Railway and Light Company to be sold. The Farmers and Merchants National Bank in that case contended that it was the creditor of the Waco Electric Railway and Light Company and that the bonds of the trust company were invalid, and contended also, that it had a superior claim and right upon the Dummy Street Railway, which was then in the hands of a receiver, and asked the court to release that property from its control, as it was not the property of the Waco Electric Railway and Light Company. The court sustained demurrers to the petition of the Farmers and Merchants National Bank in that case, and we, in reversing the judgment of the court below, expressed the opinion that if upon a trial of the issues in that case the plaintiff should establish the facts as alleged, it would be better for the court to set aside the sale previously made by the receiver of the property of the Waco Electric Railway and Light Company. Neither our judgment rendered in that case nor the opinion delivered required that this absolutely should be done by the trial court, but we suggested the propriety of this course. However, there is nothing in the record before us now which tends to show that that sale has ever been disturbed, but, upon the contrary, it appears that the sale and confirmation thereof previously made to appellee Scott still remains intact, and that the receiver has been discharged.

By reference to what appears to be admitted by counsel as a fact the court did retain jurisdiction, for the purpose of seeing that the purchaser paid off, satisfied, and discharged certain claims pending and undetermined in that court. The effect of that was to charge the purchaser with a liability of the satisfaction of those claims, but the purpose was not to affect the rights of the purchaser Scott in the property, as the owner by virtue of the sale previously made to him by the receiver; and, so far as the property was concerned, he, at the time of the appellant's execution sale in August, was claiming to be the owner thereof, and was in actual possession, use, control, and management of it, by virtue of the deed that had been executed to him by the receiver and the decree confirming the sale. Such being the case the property was not in the pos-

session of the court, and the doctrine of custodia legis would have no application to such a state of facts.

If it was necessary to do so, another reason might be given why that doctrine could have no application in this case; because, if it is true, as a fact, that the property was never the property of the Waco Electric Railway and Light company, it was wrongfully in the possession of the receiver. The jurisdiction of courts in administering property in the hands of a receiver, has in many instances been extended to extravagant lengths; but upon principle, the court would clearly be lacking in authority to draw to its possession in administering through a receiver the estate of one person, the property of another, who was in nowise a party to that proceeding. Such a procedure would in effect be judicial confiscation, and clearly lacking in any principle of law or justice for its support. In the application for a receiver, and in the order entered appointing the receiver, it only related to and affected the property of the Waco Electric Railway and Light Company, and did not ask for nor include any property belonging to Hobson, or any other party who was not joined in that proceeding.

If the receiver wrongfully took possession of the property of another, who was not a party to that controversy, and for which a receiver was not asked, he would be regarded in the light of any other trespasser, and the true owner could maintain an action against him to recover possession of the property of which he had been illegally deprived.

Under the evidence in the record, it was a matter of controversy and a disputed point as to who was the owner of the Dummy Street Railway. There are some facts in the record which tend to show that, at the time this property was taken possession of by the receiver and the sale to Scott and the purchase at execution sale by the appellant, it was the property of Hobson. On the other hand, there is evidence which tends to show that it was the property of the Electric Railway Company at the time it was sold to Scott. These facts raised an issue as to ownership and should have been submitted to the jury.

There was no error in admitting the testimony complained of in appellant's fourth assignment of error. The evidence there admitted was in the line of title to the appellee Scott and was for the purpose of establishing the superior title in him. Of course, if Hobson purchased for himself at the deed of trust sale by Rogers, which was the prior and superior lien on the property of the Dummy Street Railway Company, he would have had the superior right to the property over any asserted by the Waco Electric Railway and Light Company, which was acquired subsequent to the execution of the deed of trust under which Hobson purchased the property, and the subsequent purchase by Scott at the receiver's sale would stand upon no better rights than that formerly held by the Waco Electric Railway Company.

The question as to whether Hobson or the Waco Electric Railway Company acquired the superior right to the Dummy Street Railway is not

passed upon by us, and we leave that question open for determination in the court below, because it has never been passed upon there.

The appellees offered in evidence a deed from the Dummy Street Railway Company to the Electric Railway Company, which was, on objection by appellant, excluded in the court below, evidently upon the ground that one railway company could not transfer without legislative consent its property to another, the contention being that railway companies of this class are public corporations, and they hold their property in trust for the benefit of the public service. Therefore, they can not relieve themselves of responsibilities in this respect without the consent of the Legislature.

Corporations of this character are classed as private corporations in the statute, and there is a provision in the statute which in effect authorizes all corporations of the classes there named to sell and purchase property under certain circumstances. This statute was construed by this court in the case of Pumphrey v. Threadgill, 28 Southwestern Reporter, 450. It does not appear on the face of the deed executed by the Dummy Road to the Electric Railway Company that it was for the purpose of satisfying debts or assuming any liabilities due by the Dummy Road, but the deed was delivered, and there is evidence showing that the Dummy Road had parted with its possession and had actually turned the property over to the Electric Railway Company, and that company has been since operating it. Because the deed does not recite upon its face such a state of facts as would authorize the Dummy Road to sell its property to the Electric Railway Company, does not render it void, and we think that such a deed would, as between the two companies, vest in the purchaser a prima facie title, and in order to defeat it the burden would be upon the one asserting under the Dummy Road to show that the circumstances did not exist that would authorize a transfer of its property, in view of the provisions of the statute upon that subject. We think the court erred in not admitting that deed in evidence.

For the errors previously discussed, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*