W. H. Ewing, Appellant, v. Ewing Planing Mill Company et al., Appellees.

GARNISHMENT: Receivers.  A receiver is, without the consent of the court, subject to garnishment as to funds which he has assumed to collect under his appointment, but which in fact *do not belong to the estate for the preservation of which he was appointed.*  It necessarily follows that evidence is admissible in the garnishment proceedings to prove such fact.

*Appeal from Marshall District Court.*—James W. Willett, Judge.

May 17, 1918.

Appeal from a garnishment proceeding.  Facts appear fully in the opinion.—*Reversed.*

*Carney & Carney,* for appellant.

*F. E. Northup* and *E. N. Farber,* for appellees.

Stevens, J.—In an action brought by the Fidelity Savings Bank against C. E. Hatcher and others to foreclose a mortgage upon certain lots in the city of Marshalltown, H. J. Allard was appointed receiver, in accordance with the provisions of the mortgage, to take charge of the property, collect the rents, and apply the same, so far as necessary, to the payment of the mortgage indebtedness.  He collected rent to the amount of $533.35, but no part was applied on the debt.  Later, W. H. Ewing, plaintiff and appellant herein, obtained a judgment against the Ewing

Planing Mill Company, on which he caused an execution to issue, and Allard to be garnisheed as receiver and personally, as a supposed debtor of the defendant Ewing Planing Mill Company. The answers of the garnishee were subsequently taken before a commissioner appointed by the court for that purpose. His answers were controverted by the plaintiff; and later, the receiver moved that he be discharged as garnishee, upon the ground that the funds in his hands were exempt from garnishment and that no jurisdiction thereover had been obtained by the garnishment proceedings, which he alleges were a nullity; and he further asked that he be authorized to pay the funds, as receiver, to C. E. Hatcher, mortgagee. Written objections were filed by plaintiff to the motion of the receiver to dissolve the garnishment. The Fidelity Savings Bank also filed a reply to the plaintiff's controversion of the answers of the garnishee, and prayed that the funds in his hands be applied to the payment of costs, fees, and expenses connected with the receivership.

The written objections to the answers of the garnishee and the reply to his motion for discharge as such are somewhat voluminous, and numerous reasons are assigned why the garnishment should not be dismissed and the garnishee discharged. Among the numerous grounds stated in the several papers filed by plaintiff, is that the mortgaged property was leased to the defendant Planing Mill Company, and by it to one L. R. Helland; that the rents collected by the receiver from Helland were due and belonged to the defendant Planing Mill Company, and not to Hatcher, and that the garnishee had no right thereto as receiver in the foreclosure suit. It is also claimed that the judgment in favor of the Fidelity Savings Bank was fully paid off and satisfied in full at the time of the filing of the objections to the answers of garnishee and the notice to

dissolve the garnishment.    C. E. Hatcher filed a claim de-
manding payment to him, as the owner of the leased prem-
ises, of the fund in the hands of the receiver.

Plaintiff proffered proof to the effect that Helland was
a subtenant of the defendant Planing Mill Company, to
whom the rent in fact belonged.    This evidence, upon ob-
jection of counsel, was excluded by the court, and the mo-
tion to discharge the garnishee sustained.    The motion
was sustained upon the ground that the funds in the hands
of the receiver were in the custody of the court, and not
subject to garnishment without the consent of the court.
It is doubtless the general rule that funds in the hands of
a receiver are not the subject of garnishment without the
court's consent.    *McGowan v. Myers,* 66 Iowa 99; *Howard
County v. Strother,* 71 Iowa 683.    It has, however, been fre-
quently held that, if a receiver assumes to take property of
one not a party to the record, under an appointment over
the property of a party to the record, he will be a tres-
passer.    *Wheat v. Bank of California,* 119 Cal. 4 (50 Pac.
842); *Wiener v. Sturgiss,* 79 Md. 271 (29 Atl. 613); *Wheat-
on v. Spooner,* 52 Minn. 417 (54 N. W. 372); *Farmers &
Merchants Nat. Bank of Waco v. Scott,* 19 Tex. Civ. App.
22 (45 S. W. 26).

Again, it has been held that the rule that property in
the hands of a receiver is not subject to garnishment with-
out the consent of the court, is not to be applied where
nothing remains to be done except to pay the money upon a
final decree.    *Robertson v. Detroit Pattern Works,* 152
Mich. 612 (116 N. W. 196); High on Receivers (4th Ed.),
Sec. 151.

Allard was garnisheed as receiver, and also individual-
ly.    If the funds in controversy in fact belonged to the
defendant Ewing Planing Mill Company, then his posses-
sion thereof cannot be sustained upon the ground that he
had qualified as receiver in a proceeding to foreclose a mort-

gage in favor of the Fidelity Savings Bank, against Hatcher; and, unless plaintiff could reach the same by garnishment proceedings, funds liable for the payment of his judgment might be wholly lost to him.

The theory upon which a receiver is ordinarily exempt from garnishment is that:

"Receivers are appointed to take charge of and manage the property of insolvent debtors for the purpose of husbanding the assets and distributing the proceeds thereof among the creditors according to equitable rules. A receiver, having the funds in his possession, is the representative of the court. He is said to be the mere hand of the court to hold the money and property for distribution. The receiver is one of the agencies employed by a court of equity to prevent unseemly scrambles among the creditors of an insolvent, and the wasting of the assets in useless and expensive litigation in courts of law." *McGowan v. Myers*, supra.

This, however, suggests no reason why funds in the hands of a receiver which are not the property of the estate for the preservation of which he was appointed, should be exempted from garnishment at the suit of a creditor of the person entitled thereto.

Assuming that the judgment in the foreclosure suit was, at the time of the garnishment proceedings, paid, the court, upon proper application, would doubtless have ordered the receiver to turn the funds over to Hatcher. He was not a receiver of a bankrupt debtor, but was appointed in the foreclosure proceedings, in compliance with the terms of the mortgage, to take charge of the mortgaged property, to collect the rents for that purpose, and to apply the same, so far as necessary, to the payment of the mortgage debt. Plaintiff's judgment gave him no lien upon the funds, nor could he have obtained a right thereto by any other proceedings except by garnishment. No good reason

appears why the garnishee should be discharged, until the question was decided whether the funds in the hands of the receiver belonged, in fact, to the Ewing Planing Mill Company, the debtor of the garnishing creditor. If the court, upon hearing, had found that the funds in his possession belonged to the defendant Mill Company, they could plainly be reached by garnishment proceedings, and the garnishee was not, as receiver, entitled to the possession thereof. If it were conceded, in the absence of an attachment or some other lien thereon or claim thereto, that the funds belonged to the Planing Company, the court would not have had authority to order the same turned over to this plaintiff in satisfaction of his judgment. Plaintiff alleged, and sought to prove, that the funds in question belonged, in fact, to the Ewing Planing Mill Company, and this evidence should have been admitted.

We need not determine other questions presented, but plaintiff should be permitted to offer proof that the garnished funds belonged to his debtor, and, if successful in making proof to that effect, he will be entitled to have the same so treated, and judgment entered as provided by law. It therefore follows that the judgment of the court below must be, and is,—*Reversed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.