LILLIAN C. NEWELL, Appellee, v. W. L. EDWARDS, Defendant; E. W. KNEMEYER, Intervener, Appellant.

No. 39994.

OCTOBER 15, 1929.

*Roberts & Roberts,* for appellant.

*Jaques, Tisdale & Jaques,* for appellee.

WAGNER, J.—Some considerable time prior to the transactions out of which this controversy arises, L. A. Andrew, superintendent of banking, was appointed receiver of the insolvent Eddyville Savings Bank. W. L. Edwards had on deposit in said bank a considerable sum of money. The amount of the dividend due upon said depositor's claim on final distribution by the receiver is $243.40, which is the amount in controversy, as between the contesting parties. Edwards, the depositor, was indebted to Knemeyer; and on October 11, 1928, the former executed unto the latter a written assignment of his depositor's claim, thereby authorizing the assignee to collect, receive, and receipt for any and all amounts to be paid thereon by the receiver; and on the same date, Andrew, the receiver, accepted notice of said assignment. After the appointment of the receiver, there were in charge of the affairs of the bank, as the appointees or employees of Andrew, the receiver, Huene and Mowery. The title of the former appears to be "examiner in charge," and that of the latter, "assistant examiner in charge." Mowery testified: "I had been appointed assistant examiner in charge of the records." It appears that the duties which devolved upon Huene by reason of his appointment were performed largely, if not wholly, by Mowery.

On September 27, 1928, Newell obtained a judgment against Edwards, and on the following day, caused an execution to issue, to make the amount of said judgment, and directed the sheriff to garnish, as the supposed debtors of the judgment debtor, "L. A. Andrew, superintendent of banking, and Kenneth Mowery, receiver in charge of the Eddyville Savings Bank." At the time when this case was tried in the district court, the original execution could not be found, and the judgment creditor endeavored to prove what had been done under the writ of ex-

ecution by secondary evidence, which was received by the court over the objection of Knemeyer. Since the submission of this cause to this court, the original execution has been found, and has been certified to this court by the clerk of the district court; and we have before us a motion by Newell, asking us to consider the original execution and return thereon; and in response to the motion, appellant states that he does not object to this court's considering as introduced upon the trial of the case below the general execution, with indorsement on the back thereof, and the notices to garnishee, except as to certain conclusions therein stated. It appears therefrom that Mowery was served with notice of said garnishment on September 28, 1928, and that Andrew was likewise served in Wapello County November 3, 1928.

The appellant, relying upon *Martin & Bro. v. Davis & Co.*, 21 Iowa 535, *McGowan v. Myers,* 66 Iowa 99, *Ewing v. Ewing P. M. Co.*, 183 Iowa 711, Alderson on Receivers 247, 248, Section 203, 20 Cyc. 1026, 28 Corpus Juris 71, and other authorities, contends that the receiver in this case could not be garnished, and that for said reason the appellee must fail. For reasons hereinafter given, we find it unnecessary to pass upon this question, and we make no pronouncement thereon.

Andrew, as receiver, in his answer states that his final report was approved on the 22d day of March, 1929; that the dividend upon the claim of W. L. Edwards amounts to the sum of $243.40; and that, as receiver of the bank, he tenders into court the sum of $243.40,—and he accompanied the tender with his check for said amount. Thus the sole issue is between the assignee of Edwards, upon the one hand, and the judgment creditor of Edwards, upon the other. The notice of garnishment was not served upon Andrew until November 3, 1928; while prior thereto, on October 11, 1928, he had accepted service of notice of the assignment by Edwards to Knemeyer. While Mowery, who, according to his testimony, had been appointed "assistant manager in charge of the records," was served with notice of garnishment upon September 28, 1928, this did not constitute service upon Andrew, the receiver. Mowery, the employee, was accountable only to Andrew; Mowery owed Edwards nothing. The only person accountable to, or owing money on distribution to, Edwards was Andrew, the receiver. Andrew

was the superintendent of banking, and upon his appointment as receiver of the bank, was its sole and only receiver and liquidating officer. See Section 9242, Code of 1927. Since the notice of garnishment was not served upon the receiver until 23 days after he had accepted service of notice of the assignment, the assignment is prior to the garnishment, and the assignee is entitled to the fund.

For the foregoing reasons, the judgment of the trial court is reversed.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.