### PATTEN et al. v. RABINOWITZ et al.
### No. 12314.

Court of Civil Appeals of Texas. Dallas.

Feb. 26, 1938.

R. T. Meador, W. B. Harrell, and Russell Allen, all of Dallas, for appellants.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellees.

BOND, Chief Justice.

The subject of this lawsuit is the title to ¼ of ⅞ of an oil and gas leasehold estate covering 7.16 acres of land, in Gregg county, Tex.

On January 23, 1931, appellant Tom C. Patten and one W. T. Daniels acquired the ⅞ lease from J. A. Knowles and Mrs. Vivian Bussey, the owners of the 7.16 acres of land; and, thereafter, on February 23, 1931, assigned an undivided ½ interest therein to National Securities Oil Company in consideration of the grantee agreeing to drill an oil and gas well on the lease.

On May 19, 1931, the National Securities Oil Company acquired title to the other ½ of the lease, under an agreement that title to ¼ of the ⅞ would be held in trust for Tom C. Patten, and that the National Securities Oil Company would have the exclusive right to develop and operate the entire leasehold, Patten's interest to be charged with its proportionate part of the cost of developing and operating. Thereafter, the National Securities Oil Company, with the knowledge, acquiescence, and consent of Tom C. Patten, assigned the ¼ interest to D. Rabinowitz and John Genero, appellees herein, ¾₁₆ as collateral security for the payment of a $2,500 note dated May 5, 1931, executed by Patten and payable to Rabinowitz and Genero, and ⅟₁₆ in trust for Tom C. Patten.

On July 30, 1931, in the United States District Court for the Southern District of California, Central Division, in a suit brought by Signal Oil & Gas Company against the National Securities Oil Company, a receiver was appointed for "all the property, assets and business owned by, or under the control, or in the possession of, the defendant, real, personal and mixed, of whatever kind and description"; and, ancillary to such proceedings, on August 11, 1931, the United States District Court for the Eastern District of Texas appointed a receiver, with all rights and powers to carry into force and effect the order appointing the receiver in the court of original jurisdiction.

On March 27, 1933, in a district court of Dallas county, D. Rabinowitz and John Genero recovered a judgment on their note against Tom C. Patten for the sum of $2,750, with interest, and a foreclosure of their security lien on ¹⁰⁄₆₄ of the leasehold in question, and Tom C. Patten was quieted in his title to ⅖₆₄ of said lease. Thereafter, on May 4, 1933, Rabinowitz and Genero caused an execution and order of sale to issue on said judgment, and, while the aforesaid receiverships were pending, the sheriff of Gregg county levied upon and sold the ¹⁰⁄₆₄ leasehold interest to Rabinowitz and Genero, for the sum of $1,200, and executed a deed to said purchasers in accordance therewith. After crediting the judgment with the $1,200, on July 6, 1933, Rabinowitz and Genero caused a second execution to issue out of the above cause, and the sheriff of Gregg county levied upon and sold to them the remaining ⅖₆₄ interest, and executed a deed in pursuance to such sale.

On December 8, 1933, Rabinowitz and Genero intervened in the receivership suit then pending in the United States District Court for the Eastern District of Texas, and secured an order therein decreeing to them the rights to their purchase and title to an undivided ½ interest in the ⅞ lease-

hold estate, subject, however, to the possessory rights of the receiver to control and operate said leasehold and the payment of claims and expenses incident to the proceedings, and, thereafter, closing the receivership.

On May 16, 1935, Tom C. Patten and Tom C. Patten, Inc., instituted this suit against D. Rabinowitz and John Genero and others, to recover the title and possession of the undivided $\frac{1}{4}$ leasehold in the 7.16 acres of land, basing their claim of title on allegations that the above purported sales, under execution and order of sale, pending the federal receiver's possession, custody and control, were void, and the deeds thereunder passed no title to the purchasers.

The contention raised is the controlling issue on this appeal, appellees answered and tendered to the plaintiffs an undivided $\frac{1}{16}$ interest in the lease, pleaded their title to the balance under the foreclosure and execution proceedings, and denied that the receivers appointed by the United States District Courts were concerned with the title to or had in their custody and control the undivided interest of Tom C. Patten in the lease, other than a contractual right to operate and drill for oil, and that the title to such interest was ever within the jurisdiction of the federal court.

On trial before the court, judgment was entered, decreeing to plaintiffs title to $\frac{1}{16}$ interest in the leasehold, the interest tendered to them by the defendants; and, in favor of defendants, Rabinowitz and Genero, for title and possession of the remaining $\frac{3}{16}$.

■ It might well be conceded that, when a court acquires jurisdiction of a cause and appoints a receiver to administer the property involved, no other court of co-ordinate jurisdiction has any power or authority to interfere or divest the receiver of such property, and any sale or encumbrance of the property made under process of any court, or by the voluntary acts of the owner, without consent of the court in which the receivership is pending, is void. This rule has been so often announced and adhered to by the courts of this state, it is unnecessary to cite authorities. So, in the case at bar, if it can be said that the $\frac{1}{4}$ leasehold estate involved in this suit was within the jurisdiction of the federal court, and that it was being administered by the receivers under orders of the court, the sale of the property to defendants (appellees herein), under which they are claiming title, is void.

■ It will be observed, however, that the suit in the federal courts only involved the "property, assets and business owned by, or under the control, or in the possession of, the defendant" therein, National Securities Company. Tom C. Patten and his property rights and privileges were not involved in that suit, thus the federal courts were without the power or authority to administer upon his estate. The National Securities Oil Company only owned $\frac{1}{2}$ of the $\frac{7}{8}$ leasehold estate, and had possession of the entire lease only under an operating agreement, and to that extent did the receiver have the right to accede to orders of the federal court. The jurisdiction of a court, in administering property through a receiver, is confined to the rights and interest of the one whose estate is being administered. Such courts lack authority to administer the estate of another party, who was not a party to the receivership proceedings. Gabert v. Olcott, Tex.Civ.App., 22 S.W. 286, 287; St. Louis, A. & T. R. Co. v. Whitaker et al., 68 Tex. 630, 5 S.W. 448; Farmers' & Merchants' Nat. Bank of Waco v. Scott et al., 19 Tex. Civ.App. 22, 45 S.W. 26; City Water Co. v. State, 88 Tex. 600, 32 S.W. 1033.

■ Prior to and at the time of the judicial foreclosure sales, Tom C. Patten owned the $\frac{1}{4}$ leasehold, his rights therein were not affected by any order of the federal court, and the sale of the property to appellees in no way interfered with the administration of the estate of the National Securities Oil Company, by the court's receiver. Appellees' right of possession, necessarily, was subservient to all of the aforesaid prior rights of the National Securities Oil Company, or the receiver holding the property, and such rights were recognized and observed by appellees after the purchase.

So, we think, the sale of the property to appellees did not operate to deprive the receiver of the possession of the property or disturb the contractual rights of the National Securities Oil Company, whose estate was then being administered by the receiver; the receiver's rights therein were not in any way affected or interfered with by the deeds passing to appellees. There being no other question raised as to the validity of the sales, we think the beneficial interest in the lease owned by Tom C. Patten passed by virtue thereof, and

that appellees acquired title thereto by such purchase.

The judgment of the court below is affirmed.