# OCTOBER, 1910.

### ROBERT ASHFORD v. JOHN W. GOODWIN.

#### No. 2178. Decided October 12, 1910.

**1.—Constitutional Law—Legislative Construction.**

The legislative construction of an amendment to the Constitution as giving power to enact a statute passed by it in pursuance thereof will be followed by the courts unless the invalidity of such statute is apparent beyond a reasonable doubt. (Pp. 494, 495.)

**2.—Constitutional Law—Contested Election—Jurisdiction—Primary Elections.**

The amendment, in 1891, of art. 5, sec. 8, of the Constitution conferring upon the District Court original jurisdiction in cases of contested elections was sufficient to confer jurisdiction in cases of contest of primary elections, and the Act of May 21, 1909, Laws 31st Leg., chap. 141, p. 453, providing for the review by the District Court of the action of the County Executive Committee upon primary elections was authorized by such amendment. (P. 495.)

**3.—Constitutional Law—Political and Judicial Power.**

The review by the courts of the decisions of party authorities upon the results of primary elections, if· held to be the exercise of a political instead of a judicial power is nevertheless lawful so far as authorized by the amendment in 1891 of article 5, section 8 of the Constitution specially conferring such power. (P. 496.)

**4.—Procedure—Power of Court over.**

A statute conferring jurisdiction over a subject upon the courts is not void because the provisions for procedure in such cases are defective or meager. The District Court has authority, in such conditions, to adopt rules of procedure necessary for its government in the examination of such cases which are not in conflict with the provisions of any statute or of the Constitution. (Pp. 496, 497.)

**5.—Constitutional Law—Contested Election—Court—Action—Vacation.**

The amendment to art. 5, sec. 8 of the Constitution conferring jurisdiction

over contested elections upon the District Court does not authorize the exercise of the power conferred by the judge in vacation and mandamus requiring such court to hear and determine a case in vacation must be refused. (P. 497.)

Original application by Ashford to the Supreme Court for writ of mandamus against Goodwin as district judge.

*Snodgrass & Dibrell,* for relator.—The District Courts have jurisdiction under the Constitution to hear and determine contested elections, and this jurisdiction is not limited to general elections, but under fair construction comprehends primary elections as well. Constitution, art. 5, sec. 8; Norman v. Thompson, 96 Texas, 250; State v. Tucker, 54 Ala., 210; 6 Am. & Eng. Ency. of Law, p. 924 (2).

Such jurisdiction is expressly conferred upon the District Courts and the district judges in vacation by the statutes. Sec. 141 of Terrell Election Law; Gibson v. Templeton, 62 Texas, 558; Buckler v. Turbeville, 43 S. W., 810.

Adequate rules of practice and procedure are provided for the trial of contested primary election cases by statute. Sec. 141 of Terrell Election Law.

If the Supreme Court should hold that adequate procedure is not provided for, then the court has authority under statute to make, establish and enforce all necessary rules of practice and procedure. Rev. Stats., art. 947.

The Supreme Court has authority to issue writs of mandamus to compel a judge of the District Court to proceed with the trial of any case and to judgment in any cause, agreeably to the principles and usages of law. Rev. Stats., art. 949; Kleiber v. McManus, 17 S. W., 249; Kreugel v. Morgan, 93 S. W., 1095.

In answer to contestee's proposition that sec. 141 of Terrell Election Law is unconstitutional because it deprives him of trial by jury, we cite the court to the following decisions, all holding that the guarantee of jury trial only applies to civil and criminal cases, and that contest of an election is not such a case. Ex parte Towles, 48 Texas, 443; Wright v. Fawcett, 42 Texas, 203; Rogers v. Johns, 42 Texas, 339; Calverley v. Shank, 67 S. W., 434; Martin v. Mitchell, 74 S. W., 565; Williamson v. Lane, 52 Texas, 335; Ex parte Whitlow, 59 Texas, 273; McCormick v. Jester, 115 S. W., 284.

*Chas. F. Clint* and *Leake & Henry,* for respondent.—The Act of 1905, page 541, section 92, expressly provides that the practice and procedure in contested election cases shall not apply to contests growing out of primary elections.

It has also been held that a contest of this nature is not a civil suit, and that the practice and procedure in civil cases does not apply thereto. See Odell v. Wharton, 27 S. W., 123.

It has been further held that the law must provide practice and procedure in contested election cases, and that the courts can not adopt, without express authority, the practice and procedure in ordinary civil suits.

Const., art. 5, sec. 8, as amended in 1891, giving the District Court jurisdiction over contested elections, is not self-executing, and the

District Court has no jurisdiction to try such cases save in the manner prescribed by statute.    Odell v. Wharton, 27 S. W., 123; Mercer v. Woods, 78 S. W., 15.

The proceedings prescribed for trying suits, pleas, etc., do not apply in cases of contested elections.    Odell v. Wharton, 27 S. W., 123.

The District Court has no jurisdiction to try contested election to an office not specifically and expressly provided by statute.    Compton v. Holmes, 63 S. W., 435.

The jurisdiction of the District Court has been so limited in the trial of contested elections as to exclude all contests and procedure not provided for in the Act itself.    Calverly v. Shank, 67 S. W., 435.

MR. JUSTICE BROWN delivered the opinion of the court.

Relator made application to this court for a mandamus directed to the Honorable John W. Goodwin, judge of the District Court of Coleman County, commanding him to proceed to hear and determine an application heretofore presented to him by relator for a writ of mandamus to be directed to the county clerk of Coleman County, requiring the said county clerk to place the name of the said Ashford upon the official ballot as the nominee of the Democratic party for public weigher in a certain "combined" justice's precinct in the said county.

The relator sets up in detail the facts; that there was a primary election for the Democratic party of Texas and Coleman County, held on the 23d day of July, 1910; that the relator, Cary Bradford, and others, were candidates for nomination by the said party at the said primary election for public weigher for certain combined justice precincts in that county.    It is alleged that at said primary election the said relator received a plurality of all the votes cast in said combined precincts by the Democratic party for the office of public weigher aforesaid, but that the executive committee of the Democratic party for the said county fraudulently and wrongfully declared the said Carey Bradford to be the nominee of the said party for that office and certified his name to the county clerk of the said county as provided by law.    In compliance with the terms of the law relator filed his protest with the county clerk, claiming that his name should be placed upon the ticket as the nominee of the said party, which the clerk refused to do, and thereafter the said Ashford presented to the Honorable John W. Goodwin, district judge as aforesaid, a petition in which he set up the facts with regard to his candidacy before the primary election and that he had received a plurality of all the votes cast, charging fraud and illegality in the declaration by the executive committee of the result in favor of the said Carey Bradford.    It is unnecessary for the purposes of this case to go more into detail of the allegations of the petition.    The petitioner prayed for a hearing before the judge in vacation, who set the case down for a hearing in vacation and the parties were notified and appeared before him.    Further statement as to the conduct of the trial is unnecessary.    The judge, upon hearing the argument of counsel, refused to hear the contest or grant the said writ of mandamus in vacation, as requested by the relator, and Ashford presented

his application to this court for the writ of mandamus to the Honorable John W. Goodwin, directing him to . proceed to hear and determine the contest in vacation.

Respondent has filed in this court his answer in which he contends that the petition shows no ground for issuing a mandamus (1) because the law does not authorize the election of a public weigher for such part of a county as is described in the petition; (2) because the law does not authorize the contest of election for such subdivision of a county; (3) that the contest of election is not judicial but political in character, and can not be conferred upon a judge or court, and (4) that there is no adequate procedure prescribed by law for the trial of such contest.

Prior to the adoption in 1891 of the amendment to article 5 of the Constitution of this State the Legislature could not confer upon the District Courts authority to try contested elections. To remedy that defect section 8 of the amendment to article 5 was adopted in which occurs this language: "The District Court shall have original jurisdiction . . . . of contested elections." The question now before this court is, had the Legislature the power under this provision of the Constitution to enact the following provision of the statute of 1909?

"In State, district, county, precinct or municipal offices the certificate of nomination issued by the president or chairman of the nominating convention or chairman of the county executive committee, shall be subject to review upon allegations of fraud or illegality by the District Court of the county in which the contestee resides, or the judge of said court in vacation; provided, that such allegations are filed in said court within ten days after the issuance of said certificate, and when said allegations are so filed or the appeal from the decision of the executive committee is perfected the judge of the District Court shall set same down for hearing either in term time or vacation at the earliest practical time, and a copy of said grounds of contest, together with the notice of the date set for said hearing, shall be prepared and issued by the clerk of the District Court and be served upon the contestee five days before the hearing before said court or judge, and the parties to said contest shall have the right to summon witnesses; and the court or judge may, if in his opinion the ends of justice require it, unlock and unseal the ballot boxes used in the precinct where fraud or illegality is charged to have been used and examine their contents, after which they shall be sealed and delivered to the county clerk; and said court or judge shall determine said contest, and the decision of said court or judge shall be final as to all district, county, precinct or municipal offices, and a certified copy of the judgment of said court or judge shall be transmitted by the clerk thereof to the officers charged with the duty of providing the official ballot, and the name of the candidate in whose favor said judgment shall be rendered shall be printed in the official ballot for the general election."

When the Legislature passed that Act they must, in the discharge of their duty, have determined that the power to so enact was conferred upon that body by the language we have quoted above from

section 8 of article 5 of the Constitution as amended. The Legislature having determined that the power was granted to that body to pass the law, this court must sustain it unless its invalidity be apparent beyond a reasonable doubt. The language used in the Constitution, "contested elections," is broad enough to justify the construction placed upon it by the Legislature, and, there being nothing in the Constitution which limits the meaning of the words used, the Legislature did not exceed its authority in the enactment of the statute.

In the case of State v. Hirsch, by the Supreme Court of Indiana, 9 L. R. A., p. 170, the defendant was indicted under the following statute: "Whoever shall sell, barter or give away, to be drunk as a beverage, any spirituous, vinous, malt or other intoxicating liquors . . . upon the day of any election in the township, town or city where the same may be holden," etc. The defendant moved the court to quash the indictment because the primary election was not included in the terms of the Act which defined the offense. The trial court sustained the motion to quash, but the Supreme Court of the State reversed that decision. The court stated the issue as follows: "The question involved is whether or not it is a crime for a person having a license under the law to sell intoxicating liquors in less quantities than a quart at a time on the day of a primary election held by a political party to select by a primary election candidates to be voted for at such election." In a lengthy opinion, in which the words used in the statute are criticised as to their meaning in different connections and many authorities cited with reference thereto, the Supreme Court of Indiana held that the words, "any election," included a primary election such as is now under consideration. The court did not give weight to the word "any," but based the decision upon the broad meaning of the word "election," as used therein and upon the policy of the statute which was declared to be the same with reference to the protection of the voter from undue influence in primary elections as in elections for choosing officers after nomination. That case is more nearly in point upon the question that we have in hand than any we have been cited to or have been able to find after a careful examination.

Counsel who represent respondent in this case have cited many authorities upon the construction of the word "election," all of which we have carefully examined, but we do not think it necessary to discuss them in this opinion. We are of opinion, however, that none of them furnish any sound reason for a different construction of the language of our Constitution to that which we have placed upon it.

The case of Lillard v. Mitchell, decided by the Court of Chancery Appeals of Tennessee, 37 S. W., 702, uses language which, if not examined with reference to the facts, might be held to be in conflict with our holding in this case, but in that case it appears that the primary election which was then under investigation before the court was not one which was authorized by the statute of Tennessee, but was a voluntary arrangement by the members of the political party by which they undertook to secure an expression of the opinion of members of the party as to the nomination of certain persons for

election to office in that State. It is evident that the two cases are so dissimilar as to render the Tennessee case wholly inapplicable to the facts of this case.

It is likewise objected to the statute under investigation that it attempts to confer political power upon the court and is therefore in conflict with the provisions of the Constitution which creates three separate departments of the government. Without entering into an examination as to whether the authority to try contested primary elections is the exercise of political authority, we are of opinion that if it be conceded that it is political instead of judicial, the amendment to the Constitution having been adopted by the people, who are sovereigns in this State, subject alone to the Constitution of the United States, they had the power to confer authority upon the Legislature to grant this exercise of political power, if it be so held, to the District Courts. It is, therefore, unimportant whether it be political or judicial.

It is urged by the respondent that the procedure prescribed by the statute under consideration is insufficient to enable the court to conduct the investigation required, therefore the law which commits that jurisdiction to the court is void. In support of this proposition reliance is placed upon the case of Odell v. Wharton, 87 Texas, 173. In that case there was no law upon the statute books prescribing any rule of procedure in case of contested elections, that is, the statute which had previously been enacted upon that subject was held to be void, because at the time of its enactment the court had no jurisdiction to try contested elections. In that condition of the law the District Court could not acquire jurisdiction of the person of the party, nor of the subject matter, it being held that the Constitution was not self-executing. The Act of 1909, amending section 141 of the Act known as the Terrell Election Law, in the provisions above copied supplies this defect and enables the court to acquire jurisdiction of the person and to give the party against whom the proceeding is instituted notice, to fix a time for hearing and to summon witnesses, etc. These provisions are sufficient to bring the parties before the court and subject them to its jurisdiction. Although, looking to this statute alone, the procedure is meager, yet the District Court has authority in such conditions to adopt a rule of procedure, if necessary for its government in the examination of such cases, and to apply to the facts of the case before it any and all rules of procedure which can be made applicable to the issues to be investigated, which are not in conflict with the provisions of any statute or the Constitution. Pendley v. Berry, 95 Texas, 72; 11 Cyc., 740. We quote from the last authority as follows: "In the absence of any statutory provision or regulation in reference thereto, the court has the inherent power to make such rules, subject, however, to this limitation, that a court can make no rule which is unreasonable and which deprives a party of legal rights or which is in contravention of a statute or of the law of the land." Boring v. Griffith, 48 Tenn., 462. In the case last cited the precise question now before the court arose in the case of a contested election, in which it was held that the rules applicable generally to contested

elections were not applicable to the case before the court, and in which the Supreme Court of Tennessee said: "The court had the power to supply defects in the proceeding, such as bonds for cost, etc., or to require a more specific allegation of the grounds of contest to be made in writing and to make all such amendments and orders as were necessary to perfect its jurisdiction of the case." In the note to 11 Cyc., above cited, cases are cited from a great many of the States in support of the text, and insofar as we have examined them it is well supported. When a District Court has acquired jurisdiction of a case as in the present one, justice will not be permitted to miscarry for the want of some rule of procedure by which the facts may be brought before the court or any other matter that is necessary for the examination and decision of the question. It is unnecessary for us in this case to go further in the discussion of this question. We hold that the court had ample power to perform the duties prescribed by the statute, therefore that objection is not well taken.

The Legislature had no power to require the judges of the District Courts to hear and determine contested elections in vacation; the Constitution confers that power upon the District Courts, which means the court in session. The application to respondent requested specifically that the contest be tried in vacation. Under the statute the court might have set the case down for hearing in term time. This court will not direct the respondent to hear the contest in vacation, because the law that so provides is void, nor will a mandamus be granted to compel the respondent to set the case down for trial during the term of court because, not being requested so to do, he can not be compelled to do that which he has not refused to do. It is ordered that the mandamus be refused and that relator pay all costs.

*Mandamus refused.*