BURL KEMP, RELATOR, v. R. T. WILKINSON, JUDGE OF 76TH JUDICIAL DISTRICT, RESPONDENT.

No. 4091. Decided March 12, 1924.

(259 S. W., 912.).

Mandamus—Conviction—Sentence—Case Stated.

A defendant who had been tried for murder and his punishment assessed at confinement in the State Penitentiary, but not sentenced, being used as a witness meantime against others indicted with him for the same offense, two having been tried and convicted, an appeal by one pending, and a third awaiting trial, applied to the Supreme Court for mandamus to require the District Judge to pronounce sentence. It appeared, from his affidavit filed with respondent's answer, that he had consented to have sentence deferred and to give evidence as a witness, and that the application for mandamus was unauthorized and the writ not desired; but at the submission of the case he presented another affidavit repudiating such consent and asking that mandamus be granted. *Held*: That as it did not clearly appear that he had moved for or demanded sentence in the trial court and that such demand had been refused, a state of uncertainty and doubt existed as to the necessity of the writ for securing the relief sought, and the mandamus should be refused. (Pp. 492-495).

Original application by Kemp to the Supreme Court for writ of mandamus requiring the District Judge to pass sentence upon him in pursuance of a conviction to the penitentiary.

*Myers & Myers* and *Seb. F. Caldwell,* for relator.

*R. T. Wilkinson,* respondent, *in pro. per.*

Mr. JUSTICE PIERSON delivered the opinion of the court.

This is a suit in which a writ of mandamus is sought to compel the Honorable R. T. Wilkinson, District Judge, to pronounce sentence upon relator, Burl Kemp, under a conviction had in the District Court of Titus County on the 25th day of October, 1923.

It is apparent from the state of the pleadings,—that is from the facts disclosed in the allegations of relator and respondent, and the exhibits attached to their said pleadings, that the writ can not be granted, because of contradiction and uncertainty of essential facts and the confusion contained therein. This being the case, in order that such uncertainty and confusion may be made apparent, we will rather carefully state the case as made by the pleadings.

The application for the writ of mandamus in behalf of relator alleges that on October 25, 1923, at a special term of the District Court of Titus County, he was legally convicted of the crime of being an accomplice to the murder of Otis Ballard; that he filed no motion for a new trial or in arrest of judgment, and that it became the duty of respondent, as the Judge of said Court, to pronounce sentence upon him immediately after the rendering of such judgment; that during said term of court, in person and by his attorneys, Burl Kemp demanded and requested respondent to pronounce sentence upon him, which respondent refused to do, for the reason that relator was a witness in other cases pending in said District Court against other parties implicated in said murder; that it was the duty of said judge to pronounce sentence upon him at said special term of court, that it is a ministerial duty prescribed by law involving no discretion, and that his refusal was arbitrary and without authority of law. It is further alleged that thereafter a regular term of the District Court of Titus County convened on the 7th day of January, 1924, and that said term will remain in session for the time provided by law, and that since this regular term of the court has commenced, Burl Kemp, through his attorneys, has again requested and demanded that respondent pronounce sentence upon him, and that said request and demand was refused by respondent, and that respondent will not pronounce sentence upon him during the term of said court while the cases against said other parties charged with the same crime are pending; that by reason of his failure to perform said duty relator is being deprived of the benefit of the time between the date of his conviction and the date when he will be sentenced, and that he is being exposed to injury to his health, and suffers mental torture by being kept in jail because of the refusal of respondent to pronounce sentence upon him; that he is being deprived of "the speedy, fair and impartial trial guaranteed to him under the Constitution of the State of Texas, and that he is being deprived of a trial by "due process of law," and that for all these reasons he is entitled to the writ of mandamus.

Respondent, the Honorable R. T. Wilkinson, answered, and alleged

that Burl Kemp was tried at a special term of the District Court in Titus County, which was convened for the purpose of investigating the murder of Otis Ballard, which crime had been committed in Titus County the latter part of September, 1923; that as a result of the grand jury's investigation, bills of indictment were returned against Clem Gray, Burl Kemp, George McKinley, and Paul Keith, charging them with the murder of Otis Ballard; that at said special term of court, after the bills had been returned, a jury was summoned and Clem Gray placed on trial; that during the trial of said Gray, and as part thereof, this relator, Burl Kemp, voluntarily testified therein, and that his testimony was material to the State in developing the case against Clem Gray; that as a result of said trial the jury found said Clem Gray guilty of murder, and assessed his punishment at death; that Clem Gray filed his motion for a new trial, which was overruled, and that said case is now on appeal in the Court of Criminal Appeals of Texas, in which appeal said Gray is seeking a reversal of the case against him; that during said special term of court and after the trial of Clem Gray, upon the case against him being called, said Kemp announced ready for trial,—which trial resulted in a verdict of guilty, with punishment assessed at confinement in the penitentiary for thirty years; that on account of the insufficiency of time at said special term of court, the cases against Paul Keith and George McKinley were continued until the regular term of said District Court of Titus County, which convened thereafter on the first Monday in January, 1924; that at said regular term Paul Keith was placed on trial, and that relator, Burl Kemp, was introduced as a witness, and that he volunteered and testified in behalf of the State, and that as a result of said trial said Paul Keith was found guilty, and his punishment assessed at six years in the penitentiary; that on account of the insufficiency of time, and also on account of the notoriety of the cases that had already been tried, growing out of the murder of Otis Ballard, the court of its own motion changed the venue of the case against George McKinley to Morris County, the District Court of which will convene April 14, 1924,—at which time it is expected that that case will be tried; that the State expects to prove the same facts by said witness Burl Kemp on the trial of the case against George McKinley; that the testimony of said witness Burl Kemp is very material to the State in the prosecution of all of the above mentioned cases, and that for that reason Burl Kemp was not sentenced at the special term of court, and to the date of the filing of his answer he had not been sentenced. He alleges "that his reason for not sentencing relator is that the interest of the public requires that relator be permitted to testify in each of the said cases, and the ends of public justice and law enforcement require that said relator be permitted to testify." Respondent specially alleges that "no motion was filed asking that sentence be passed, and no motion has ever been filed up

to the writing of this answer asking or requesting that sentence be passed on the said Burl Kemp''; and that during the special term of court, and since the adjournment thereof, the relator, Burl Kemp, signified his willingness to testify in all the above cases, and that he did testify in the Clem Gray case and in the Paul Keith case, and that he is willing to testify in the case against George McKinley, and that said relator by his affidavit indicated such willingness, and his willingness that sentence be withheld.

In his affidavit, duly authenticated and attached to respondent's answer, Burl Kemp says ''that the application filed in this case for mandamus to compel Judge R. T. Wilkinson to sentence me    *    *    * was filed without my consent or knowledge.'' The remainder of said affidavit reads as follows:

''I am an important witness in the cases of The State of Texas v. G. C. Gray, who was given the death penalty and whose case is now on appeal in the Court of Criminal Appeals, The State of Texas v. Paul Keith, and The State of Texas v. George McKinley, said two last mentioned cases now pending in the District Court of Titus County, Texas, realizing and believing that it is right for me to testify in all of these cases, and being willing to do this and wanting to see Justice done, I hereby request The Supreme Court of The State of Texas not to issue any Writ of Mandamus compelling the said Judge R. T. Wilkinson to sentence me now and not until after all of said cases are finally disposed of, in order that I may be present at the trial of said cases and testify in behalf of The State.

''I failed to file a Motion for a New Trial in my case, because I felt that the Jury had been lenient with me, and I thought it best for my interest to take the 30 years, but want to testify in behalf of The State on the trial of all of these cases and ask that the Writ of Mandamus not be issued in order that I may not be sentenced until after these trials. I make this statement realizing that if I am sentenced before these trials that I can't testify as a witness in these cases.''

On the day this case was set for submission and argument in this Court, February 20, 1924, the attorneys representing relator presented and filed an affidavit, signed by Burl Kemp, in which he says:

''While I was in Hunt County jail I was induced by Mr. T. C. Hutchings, District Attorney for 76th Judicial District of Texas, Mr. Sam Williams, County Attorney for Titus County, Texas, and Mr. W. L. Keeley, Sheriff of Titus County, Texas, to sign a statement concerning my suit in the Supreme Court of Texas against Judge R. T. Wilkinson, in which, since seeing my attorneys, I learn is a repudiation of my suit, and my attorneys.''

He states that he did not intend to do or say anything that would affect his suit or repudiate himself or his attorneys, and that he now declares that said suit in the Supreme Court was filed with his knowledge and consent, he having obtained knowledge through his wife, and

that he now desires the suit to be prosecuted for him, and that he empowers his said attorneys to act for him, etc.; that he retracts anything to the contrary contained in his former declaration.

The writ of mandamus should be reasonably necessary in order to secure the right which is sought. Arkansas Building & Loan Ass'n v. Madden, Sec'y of State, 91 Texas, 461, 44 S. W., 823; Hogue v. Baker, 92 Texas, 58.

Not only must it appear that a relator has a clear legal right to the performance of a particular act or duty at the hand of a respondent, but the refusal by such respondent to perform that act or duty must be equally as clearly shown. High's Extraordinary Remedies, (2d ed.), § 12; Burrell v. Blanchard, 51 S. W., 46. In this case it can not be said that the respondent is refusing to pronounce sentence upon relator. Relator acquiesced and consented that sentence upon him be deferred. There is nothing in relator's petition or argument which negatives respondent's statement that "no motion was filed asking that sentence be passed, and no motion has ever been filed up to the writing of this answer asking or requesting that sentence be passed on said Burl Kemp." There is no allegation that Burl Kemp in open court demanded to be sentenced, or that any motion was filed asking that he be brought into court for the purpose of having sentence passed upon him. In such a state of uncertainty and serious doubt as to relator's attitude before the court as to whether or not he is demanding to be sentenced, and it appearing to be at least doubtful that respondent has refused to pronounce sentence upon him, he has not shown himself entitled to the extraordinary writ of mandamus. If in open court, after his conviction had become final, he had made demand that sentence be pronounced upon him, or if thereafter he had requested that he be brought into court in order that he might be sentenced, and had made demand that sentence be pronounced upon him, quite a different question would be before us. We can not presume that respondent has refused, or will refuse, to pronounce sentence upon relator as the law provides.

The writ is denied.