**GAGE et al. v. McCURDY et al.**

No. 4446.

Court of Civil Appeals of Texas. Texarkana.

May 8, 1933.

Rehearing Denied May 11, 1933.

Graves & Long, of Dallas, for appellants.

W. Edward Lee, of Longview, and H. G. Corbin, of Gladewater, for appellees.

SELLERS, Justice.

November 24, 1931, T. L. Bray and wife sued W. L. McCurdy and a great number of other defendants in the district court of Gregg county to cancel a certain lease which had been executed by Bray and wife to certain of the defendants, but which, as alleged by plaintiffs, was never delivered, but the defendants secured possession of the lease through fraudulent means. The lease covered about four acres of land in the town of Gladewater, Gregg county, Tex., and is very valuable oil land.

While this suit was pending, and on, to wit, April 8, 1932, T. J. Holcomb, who was not a party to the suit pending in the district court of Gregg county, brought a suit in the district court of Dallas county against J. H. Gage and a great number of other defendants, among whom were the plaintiffs and several of the defendants in the cause pending in the district court of Gregg county. This suit involved practically all the land involved in the case in Gregg county, and the suit had for its purpose, as alleged, the adjudication of all the mineral interests in the land and a distribution of the proceeds derived from the sale of the oil and gas produced from the premises. It was further alleged that, because of the conflicting claims to the mineral lease on the land, the plaintiff and the other owners of an interest in the minerals were unable to secure development of the property, and that the gas and oil from this property was being drained by wells on the adjoining tracts to the great damage of those rightfully entitled

thereto, and would continue to be drained unless a receiver should be appointed to take charge and develop the land. The court appointed a receiver who was duly qualified and took possession of the property, and, with authority of the court, caused a well to be drilled on the land and was running the oil therefrom until stopped by an order issued by the district court of Gregg county as hereinafter noticed.

On December 17, 1932, W. L. McCurdy and several other defendants in the case pending in Gregg county district court filed their amended answer and cross-action making the plaintiffs in the Gregg county suit and all of the parties to the suit in the Dallas court, as well as the attorneys and the receiver appointed by the Dallas court, defendants in the cross-action. In this cross-action McCurdy and others alleged that on November 24, 1931, they were the owners of an oil and gas lease on the land involved and were in possession of the property, but that on this date the defendants in the cross-action unlawfully entered upon and dispossessed them of such premises and the leasehold estate and withheld from them the possession thereof to their damage in the sum of $5,000; and prayed for judgment for title and possession and for writ of restitution of such premises. By a second count in the cross-action it is alleged that the court in Dallas county unlawfully appointed a receiver for the property, and that such receiver is running the oil from the well on the land and appropriating the proceeds from the sale to his own use, etc.; and prayed for appointment of a receiver by the Gregg county court to take charge of all property, and for the issuance of an injunction against all parties to the Dallas county suit and the attorneys therein from prosecuting that suit until the further orders of the district court of Gregg county, and also enjoining the receiver appointed in the Dallas county district court from exercising any control whatever over the property and requiring him to turn over the property, books, receipts, etc., to the receiver to be appointed by the court in Gregg county. On this application the court, without notice to defendants in the cross-action, appointed the receiver and granted the injunction. In due time, J. H. Gage and a number of the defendants in the cross-action and the receiver appointed in the Dallas county district court filed their motion to vacate the orders appointing the receiver and granting the injunction, which was heard by the court and overruled. From this ruling Gage and others have duly prosecuted this appeal.

▉▉ Appellees, in an effort to support the district court of Gregg county in the appointment of a receiver and the issuance of the injunction, cite authorities which support the familiar principle, and one essential to the

due and orderly administration of justice, that the court which first obtains jurisdiction of a subject-matter of controversy should not be hindered in adjudication of the rights involved by suits as to the same matter subsequently commenced by a court of concurrent jurisdiction. Tex. Jur. vol. 11, § 52, p. 775. But there is a well-established rule in this state in keeping with the above general principle that: "When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession has, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession or the control of the property." Durham v. Scrivener, 259 S. W. 606, affirmed by Supreme Court in 270 S. W. 161, 162; Dunovant's Estate v. R. E. Stafford & Co., 36 Tex. Civ. App. 33, 81 S. W. 101. When this rule is applied to this case it will at once be observed that the district court of Gregg county was without jurisdiction to issue either of the orders complained of on this appeal, since such orders would be an interference with the possession of the property in the district court of Dallas county.

The motion of appellants to dissolve the orders complained of should have been granted, and such orders are here now dissolved.