**JOINER et al. v. CURRIN et al.**

No. 12656.

Court of Civil Appeals of Texas. Dallas.

June 4, 1938.

Rehearing Denied July 2, 1938.

O. F. Wencker, of Dallas, for appellants.

D. A. Frank and D. A. Frank, Jr., both of Dallas, for appellees.

BOND, Chief Justice.

On December 8, 1937 appellants, John L. Joiner and John S. Avon, filed suit in the 44th District Court of Dallas County, against O. Currin, Pearl H. Currin, H. G. Goggans, Receiver H. D. Ardrey, National Surety Corporation, Lee Miller, Cardova Gathering System, and New Century Pipe Line Company, for debt and rescission of a contract for the sale of oil payments from 11.47 acres of land located in Rusk County, Texas.

Appellants' petition sought $10,000 damages against H. G. Goggans, O. Currin and Pearl H. Currin, jointly and severally, and in the alternative, for rescission of the sale of oil payments; and for damages against New Century Pipe Line Company, in the sum of $1,000; Cardova Gathering System, in the sum of $7,500; H. D. Ardrey receiver and his bondsmen, National Surety Company, in the sum of $8,500; and Lee Miller, in the sum of $8,000, for conversion of one-fourth of oil runs from said land.

Citations were served on said defendants; and, on December 27, 1937 the re-

ceiver H. D. Ardrey entered his appearance, filed an answer consisting of a plea in abatement, general demurrer, special exceptions, general and special answers; and three days later, on December 30, 1937 filed in the 68th District Court of Dallas County, in which the receivership was then pending, an application for an injunction to restrain appellants from prosecuting their said suit in the 44th District Court, or in any manner to make demand or communicate with said receiver, National Surety Company, Lee Miller, Century Pipe Line Company, Cardova Gathering System, and on any other company or person the receiver may have contractual connections, for the purpose of gathering and running oil from the lease, other than to appear in the 68th District Court for the relief they seek against the named parties.

The receiver's allegations of injury, on which his right for injunction is based, in effect are: That, under the powers granted by the 68th District Court, in administering the leasehold estate, he contracted obligations, made contracts for the sale and transportation of oil runs, developed an inactive dormant oil field into a present valuable productive estate; that appellants' claim for damage and asserted interest in the land and in the oil produced and sold were unknown to the receiver, and whatever damage appellants may have sustained in the receiver's development and sale of oil has been the result of their own laches in asserting their rights therein; that the pendency of the suit in the 44th District Court, for an undivided one-fourth interest in the land and oil produced therefrom, has caused the receiver's contractors—drillers and pipe line companies —to withdraw from the lease, thus resulting in the closing down of the producing wells, irreparable injury and damage to the leasehold, and seriously interferes with the orderly process of the court in the handling of the property through the receivership.

The Honorable Paine L. Bush, Judge of the 68th District Court, granted a restraining order and, on hearing a temporary injunction, from which this appeal is prosecuted.

Article 2310, R.S.1925, reads:

"When property within the limits of this State has been placed in the hands of a receiver who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in any court of this State having jurisdiction of the cause of action, without leave of the court appointing him. If judgment is recovered against said receiver, the court shall order said judgment paid out of any funds in the hands of said receiver as such receiver".

Obviously, this statute authorizes suits against receivers in their official capacities in any court having jurisdiction of the causes of action. The statute is broad enough to embrace any kind of a suit, except one that interferes with the possession, custody, control and disposition of property in the hands of a receiver. The determination of the question of indebtedness, due to an unauthorized disposition of one's property, is clearly within the power of a District Court, and such creditor has the undoubted right to have the court determine the question of his debt. He is not compelled to assert his rights in the court appointing the receiver.

Bowles v. Mitchell, Tex.Com.App., 245 S.W. 74, was an action for cancellation of a certain deed of trust upon lands and the removal of a cloud from the title. The Commission of Appeals held that the statute (Art. 2146, now Art. 2310) permits suits against receivers in any court of the State, where such court would otherwise have jurisdiction of the cause. In Eaton v. Whisenant, Tex.Civ.App., 50 S.W.2d 1109 (citing authorities) this court also held that a suit for cancellation of a lease and removal of cloud from the title was properly brought against the receiver in a District Court other than the appointing court, and there it is said (page 1111):

"* * * if plaintiffs succeed in obtaining a decree canceling the leases involved and removing Hooser's claims as clouds from their title, the appointing court should, by appropriate orders, eliminate such properties from the receivership, restore same to the rightful owners, and require the receiver to make proper accounting and settlement for all oil taken from the lands during the receivership; and should plaintiffs recover against Hooser damages for oil converted prior to the receivership, such claim should be classified by the appointing court, and ordered paid as other claims of the class to which it belongs".

So, in the case at bar, appellants' suit involves the question of debt, and rescission of a contract; and, while the filing of the suit may have some deterrent effect on the receiver's administration of the estate and the receiver's contractors—drillers and common carriers of oil—to proceed further on their undertakings, or even cause the breach of their contracts, such results, we think, cannot properly be construed to be an interference with the receiver's possession of property to which he is legally entitled.

Appellants have the legal right of filing their suit in whatever court they may desire, having jurisdiction of the parties and subject-matter of the suit, and to have that court determine and redress their grievances against the receiver and against all other parties, jointly and severally liable therefor; and, should appellants recover for their damages, the appointing court may, by appropriate orders, direct proper accounting and settlement out of the receivership estate; the appointing court, however, has no inherent right to protect the receiver's contracts effecting property of strangers to the proceeding. The jurisdiction of a court in administering property through a receiver is confined to the rights and interests of the one whose estate is being administered. Such court lacks authority to administer the estate of another party who is not a party to the receivership proceedings. Only when a court acquires jurisdiction of a cause and thus appoints a receiver, may another court of coordinate jurisdiction not interfere or divest the receiver of such cause. Gabert v. Olcott, Tex.Civ.App., 22 S.W. 286, 287; St. Louis, A. & T. R. Co. v. Whitaker et al., 68 Tex. 630, 5 S.W. 448; Farmers' & Merchants' Nat. Bank of Waco v. Scott et al., 19 Tex.Ciy.App. 22, 45 S.W. 26; City Water Co. v. State, 88 Tex. 600, 32 S.W. 1033.

Appellants were not parties to the suit in the 68th District Court, nor were their alleged interests in the land and claim for damage there involved; the receiver and the appointing court had no jurisdiction over appellants and their property rights; thus, said court was without power to direct appellants' course in the prosecution of their suit, however the suit may have deterred the receiver and those acting with him in the development of the land, and in the gathering and selling of the oil. So, we think the injunction was im-providently granted; accordingly it is dissolved.

Reversed and rendered, dissolving the injunction.